**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**MICHAEL T. JOHNSON,
#B09271,**

                   **Plaintiff,**

**v.**

**NAUGLE,
JENIIFER COWAN, and
ANTHONY WILLS,**

                   **Defendants.**

**Case No. 23-cv-2988-SPM**

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Michael Johnson, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### DISCUSSION

In the Complaint, Plaintiff asserts that he was denied three books his family had mailed him. He claims these books are approved to be downloaded on inmates' tablets, but he was not allowed to possess the hard copies. (Doc. 1, p. 6, 12).

As pled, the Complaint fails to state a claim against any of the Defendants. Plaintiff lists Naugle, Cowan, and Wills as defendants makes no allegations against any of them in the body of

the Complaint. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Because there is no description of any conduct on the part of Defendants, the Complaint will be dismissed without prejudice. Plaintiff will be allowed to replead his claims in an amended complaint.

**MOTION FOR RECRUITMENT OF COUNSEL**

Plaintiff has filed a motion asking the Court to recruit counsel on his behalf. (Doc. 3). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Here, Plaintiff does not provide sufficient information for the Court to determine if he has made any efforts to obtain counsel on his own. He simply states that he does not have the funds to hire a lawyer. Because he has not met the threshold burden of making a reasonable attempt to secure an attorney prior to seeking the assistance of the Court, the motion is **DENIED.** Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to include in the motion the names and address of at least three attorneys he has contacted, and if available, attach the letters from the attorneys who declined representation.

### MOTION FOR ISSUANCE OF SUMMONS

Plaintiff has filed a blank copy of a USM-285 form. (Doc. 4). To the extent he is requesting the Court to serve process on his behalf, the motion is **DENIED as moot.** Plaintiff has been granted leave to proceed *in forma pauperis,* and therefore, the Court is obligated to arrange service on his behalf.

### DISPOSITION

For the reasons set forth above, the Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim for relief.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **January 15, 2024.** Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to state a claim, failure to comply with a court order, and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 23-cv-02988-SPM). To enable him to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   December 14, 2023**

_s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**