IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL T. JOHNSON, #B09271,<br><br>        Plaintiff,<br><br>v.<br><br>R. NAUGLE, JENNIFER COWAN, and ANTHONY D. WILLS,<br><br>        Defendants. | Case No. 23-cv-2988-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Michael Johnson, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE FIRST AMENDED COMPLAINT

In the First Amended Complaint, Plaintiff asserts that in April 2021, he requested that his family mail him seven books. (Doc. 10, p. 6). On May 4, 2021, Correctional Officer Naugle of Publication Review reviewed and disapproved three of the seven books: *Mao Tse-Tung on Guerilla Warfare, Guerilla Warfare,* and *The I Ching: The Tao Organization* because they advocate and encourage violence, hatred, or group disruption. (*Id.* at p. 17, 19, 21). Plaintiff only

received four of the books mailed to him by his family. (*Id.* at p. 6). The following day, Warden Wills approved Naugle's disapproval decision. Plaintiff wrote to the mailroom and informed the staff that the book *Mao Tse-Tung on Guerilla Warfare* was on the "approved/banned publication book" list stored at the library. (*Id.*).

On May 12, 2021, Plaintiff requested for the three books to be presented before the Central Publication Review Committee for reconsideration of approval or conditional approval. (Doc. 10, p. 8). On May 20, 2021, Naugle reversed her decision to deny the book *The I Ching: The Tao of Organization* but did not provide a reason for the reversal. Plaintiff wrote a grievance on May 26, 2021, about being denied *Mao Tse-Tung on Guerilla Warfare, Guerilla Warfare,* and *The I Ching: The Tao Organization.* Plaintiff complained that *Mao Tse-Tung on Guerrilla Warfare* and *Guerilla Warfare* were available to inmates on their tablets and so he should be able to possess a hard copy.

On September 13, 2021, Grievance Officer Jennifer Cowan recommended that Plaintiff's grievance be considered "mixed." She noted that the decision to deny Plaintiff *The I Ching: The Tao of Organization* was reversed and so the issue was moot. She stated that Plaintiff would not be given *Mao Tse-Tung on Guerilla Warfare* and *Guerilla Warfare* and explains that the books were erroneously made accessible on the tablets and would be removed. (Doc. 10, p. 29). Warden Wills concurred in the recommendation. (*Id.*). The Administrative Review Board came to the same conclusion and found that the grievance was appropriately handled by the administration at Menard. (*Id.* at p. 30).

### DISCUSSION

Based on the allegations of the First Amended Complaint, the Court finds it convenient to designate the follow claim:

> **Count 1:** First Amendment claim against Naugle, Wills, and Cowan for confiscating and denying Plaintiff access to the books *Mao Tse-Tung*

*on Guerilla Warfare* and *Guerilla Warfare*.

Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[1]

Plaintiff claims that Defendants violated his First Amendment rights because they did not follow established procedures in disapproving the books *Mao Tse-Tung on Guerilla Warfare* and *Guerilla Warfare*. (Doc. 10, p. 10-11). Plaintiff asserts that he was not provided notice that books could be denied by Publication Review if ordered and mailed to him. He argues that he did not have an opportunity to be heard regarding the denials. Plaintiff states that the disapprovals were inappropriate since the books were electronically available to inmates on the tablets. (*Id.*).

Plaintiff has failed to plead that denial of the books *Mao Tse-Tung on Guerilla Warfare* and *Guerilla Warfare* constituted a constitutional violation. The freedom of speech under the First Amendment includes the freedom to speak and to read. *King v. Federal Bureau of Prisons*, 415 F.3d 634, 638-39 (7th Cir. 2005) (citations omitted). Although inmates do not lose these rights when they are incarcerated, prison officials may impose some restrictions on them. *Turner v. Safley*, 482 U.S. 78 (1987). Officials have "great latitude" in limiting a prisoner's reading materials. *Payton v. Cannon*, 806 F.3d 1109, 1110 (7th Cir. 2015). When "a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner*, 482 U.S. at 89. Courts consider four factors when determining a particular restriction's constitutionality: (1) whether a rational connection exists between the prison policy regulation and a legitimate governmental interest advanced as its justification; (2) whether alternative means of exercising the right are available notwithstanding

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

the policy or regulation; (3) what effect accommodating the exercise of the right would have on guards, other prisoners, and prison resources generally; and (4) whether ready, easy-to-implement alternatives exist that would accommodate the prisoner's rights. *Turner,* 482 U.S. at 89–91. While all four factors are important, the first factor can act as a threshold factor regardless which way it cuts. *Id.; Mays v. Springborn,* 575 F.3d 643, 648 (7th Cir.2009) ("Where ... there is only minimal evidence suggesting that a prison's regulation is irrational, running through each factor at length is unnecessary.").

Here, the Court need only consider the first *Turner* factor. According to the exhibits, the books contain instructions on guerilla tactics, organizing a guerilla army, and guerrilla warfare. (Doc. 10, p. 17, 19). The books were disapproved because they encourage violence, hatred, and group disruption. (*Id.*). Prisons have a penological reasons for limiting inmate access to books that promote or instruct on violent uprisings, and based on the title of the book and Plaintiff's exhibits, the Court has no trouble in making the determination that Menard had a legitimate interest in restricting the books at issue. *See Munson v. Gaetz*, 673 F. 3d 630, 633 (7th Cir. 2012) (affirming the district court's ruling that the plaintiff had failed to state a claim where the prison's justification for restricting possession of certain medical books was attached to the complaint); *Kaufman v. McCaughtry*, 419 F. 3d 678, 683 (7th Cir. 2005) ("Prison officials unquestionably have a legitimate interest in maintaining institutional security."). Plaintiff's contention that the disapprovals were arbitrary is conclusory. According to his exhibits, other inmates were allowed access to *Mao Tse-Tung on Guerilla Warfare* and *Guerilla Warfare* in error, and the books were removed from the tablets once it was brought to the attention of the administration. Because there is a logical connection between prohibiting the books on guerilla warfare and maintaining safety and security at the facility, Plaintiff has failed to plead a First Amendment claim.

To the extent Plaintiff is claiming that his First Amendment rights were violated solely because Defendants did not follow proper institutional procedures in denying the books, his claim also fails. Section 1983 "protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices." *Scott v. Edinburg,* 346 F. 3d 752, 760 (7th Cir. 2003).

Because there are no claims that survive preliminary review, the First Amended Complaint is dismissed. The Court has given Plaintiff the opportunity to replead his claims, and he has again failed to state a claim upon which relief could be granted. At this point, the Court does not believe that additional allegations would cure the defects of his claims and finds that any further amendment would be futile. *See Hukic v. Aurora Loan Serv*s., 588 F.3d 420, 432 (7th Cir. 2009). Therefore, the First Amended Complaint and this entire case will be dismissed with prejudice for failure to state a claim upon which relief can sought.

## DISPOSITION

For the reasons stated above, the First Amended Complaint and this entire action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more

than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 26, 2024**

                                                *s/Stephen P. McGlynn*
                                                **STEPHEN P. MCGLYNN**
                                                **United States District Judge**